UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREGORY F. WASHINGTON,
      Plaintiff,

vs.                                 Case No.: 3:22cv3800/LAC/ZCB

NURSE K. SHELL and
OFFICER JOHN DOE,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a Florida prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Exercising its statutory screening obligation under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), the Court issued orders that identified deficiencies in Plaintiff's pleadings and ordered him to either amend the pleadings or voluntarily dismiss the case.  (Docs. 8, 11, 13, 15).[1]  Plaintiff has now filed a fourth amended complaint.  (Doc. 16).  The Court has screened the fourth amended complaint and determined that it fails to state a claim upon which relief

---

[1] A plaintiff should be provided with "at least one chance to amend the complaint before the district court dismisses the action."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

can be granted.  For the reasons below, the undersigned recommends that this case be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## I.     Plaintiff's Allegations and Claims

Plaintiff's fourth amended complaint names two Defendants:  K. Shell, a nurse at Century Correctional Institution (CCI); and "John Doe," an unidentified correctional officer at Century C.I.  (Doc. 16 at 1-3).[2]  Plaintiff's claims stem from an attack by three "unidentified gang members" on May 18, 2018.  (*Id.* at 5-7).

Plaintiff alleges Officer "John Doe" allowed the three inmates into the dormitory where they proceeded to stab him.  (*Id.* at 5).  Plaintiff alleges that he asked Officer "Doe" for medical attention after the stabbing, but Doe "showed [] deliberate indifference."  (*Id.*).  Plaintiff alleges he was seen by Defendant Nurse Shell after an unspecified delay.  (*Id.*).  He alleges Nurse Shell cleaned the stab wounds but failed to provide further treatment to prevent infection.  (*Id.* at 5-6).  Plaintiff alleges he "suffered tremendously a series of injuries that would last the rest of his life."  (*Id.* at 6, 9).  He has not specified what those injuries are.

Plaintiff asserts Eighth Amendment claims of deliberate indifference against Officer "John Doe" for failing to protect him from the attack and refusing to provide

---

[2] The Court refers to the page numbers automatically assigned by the Court's electronic filing system.

immediate medical treatment. (Doc. 16 at 8-9). He asserts a deliberate indifference claim against Nurse Shell for failing to provide adequate medical treatment. (*Id.* at 8). Plaintiff seeks $5 million in compensatory and punitive damages. (*Id.* at 8).

## II.     Statutory Screening Standard

When conducting statutory screening, the Court employs the Rule 12(b)(6) standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than

a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

When applying the Rule 12(b)(6) standard, the Court's review is limited to the allegations of the fourth amended complaint, not any prior pleading. N.D. Fla. Loc. R. 15.1(A) (stating that "[a]llegations in a prior pleading that are not set out in the amended pleading are deemed abandoned.");[3] *see also Pintando v. Miami–Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (noting that once the district court accepts the amended pleading, "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary."); *Bilal v. Driver*, 251 F.3d 1346, 1347 n.1 (11th Cir. 2001) (noting this Court's Local Rule and stating that the fact that a plaintiff "filed his complaint *pro se* does not change the effect of the local rule.").[4]

---

[3] The Court repeatedly reminded Plaintiff, in each of its screening orders, that he "must include all of his allegations in the amended complaint," and that "allegations in a prior pleading that are not set out in the amended pleading are deemed abandoned." (Doc. 8 at 13; Doc. 11 at 8; Doc. 13 at 10; Doc. 15 at 3 (citing Local Rule 15.1(A))).

[4] *See also, e.g.*, *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013) (holding that district court did not err in considering *pro se* plaintiff's amended

4

The allegations of the fourth amended complaint are taken as true and construed in the light most favorable to Plaintiff. *Chabad Chayil, Inc. v. School Bd. Of Miani-Dade Cnty., Fla.*, 48 F.4th 1222, 1229 (11th Cir. 2022) (citation omitted). Because Plaintiff is proceeding *pro se*, the Court construes his allegations liberally, but the Court holds him to the same procedural standards as a plaintiff who is represented by counsel. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (stating that the Court "ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

### III.   Discussion

### A.   Plaintiff's fourth amended complaint fails to state a failure to protect claim against Officer Doe.

Plaintiff brings an Eighth Amendment claim against Officer "Doe" based upon Doe's "negligence" in allowing the inmates to enter the dormitory even though they were not assigned to live there. (Doc. 16 at 6, 8-9). The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994) (citation

---

complaint to supersede his initial complaint where the amended complaint did not specifically refer to, adopt, or incorporate the initial complaint).

omitted).   However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.

"A prison official violates the Eighth Amendment when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (cleaned up).  To prevail on this kind of § 1983 claim, the plaintiff must establish:  (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) a causal connection between the defendant's conduct and the Eighth Amendment violation.  *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015).  The determination of a substantial risk of serious harm is measured against an objective standard.  *Caldwell*, 748 F.3d at 1099.  The alleged condition must be "so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  There must be a "strong likelihood" of injury, not just a "mere possibility." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990).  Moreover, the risk must be actual, not just possible or speculative.  *See Carter v. Galloway*, 352 F.3d 1346, 1349-50 (11th Cir. 2003).  So, for example, a prisoner's exposure to the potential for a fight does not, in and of itself, constitute substantial risk of harm.

*Purcell v. Toombs Cnty.*, 400 F.3d 1313 1323 (11th Cir. 2005). After all, "[i]n the jail setting, a risk of harm to some degree always exists by the nature of its being a jail." *Id*.

Whether a defendant was deliberately indifferent to a substantial risk of serious harm requires both an objective and a subjective analysis. *Caldwell*, 748 F.3d at 1099. The objective part is satisfied by evidence that the official failed to act in an objectively reasonable way to alleviate the risk. *Id.* The subjective part is satisfied by showing: (1) that the prison official subjectively knew of a risk of serious harm; (2) that he disregarded of that risk; and (3) that hi conduct amounted to more than mere negligence. *Richardson*, 598 F.3d at 737; s*ee also Ray v. Foltz*, 370 F.3d 1079, 1083 (11th Cir. 2004) ("Deliberate indifference is not the same thing as negligence or carelessness."). A plaintiff's claim will fail as a matter of law in the absence of the defendant's actual knowledge of the substantial risk of serious harm. *See Farmer*, 511 U.S. at 837-38.

A prisoner may advance an Eighth Amendment claim for failure to protect under two different theories, a "particularized risk" theory or a "dangerous conditions" theory. *Estate of Owens v. GEO Group, Inc.*, 660 F. App'x 763, 769 (11th Cir. 2016). Under the "particularized risk" theory, the prisoner may show that he was the target of a specific threat or danger, and that the defendant was

subjectively aware of the individualized danger yet failed to act to alleviate that risk. *Id.* Under a "dangerous conditions" theory, the plaintiff must show that there was a regular or constant threat of violence at the prison, not simply occasional or isolated attacks by one prisoner on another. *Id.*

Here, Plaintiff does not allege that Officer "Doe" knew that the inmates he allowed into the dormitory posed a substantial risk of serious harm to any inmate in the dormitory, let alone Plaintiff in particular. *See Daniels v. Felton,* 823 F. App'x 787, 790 (11th Cir. 2020) (even if the evidence supported a finding that defendants were responsible for allowing unauthorized inmates to enter plaintiff's cell, such evidence was not sufficient to support a reasonable jury's finding that defendants harbored a subjective awareness that plaintiff was in serious danger, because plaintiff proffered no evidence from which a jury could conclude that either of the defendants was aware that the inmates they allegedly allowed into plaintiff's cell posed a substantial threat of harm to him).

Even if Officer "Doe" knew that the inmates were gang members, and thus prone to violence, such generalized knowledge is not sufficient to show that "Doe" had the requisite subjective awareness of the risk posed to Plaintiff. *See Carter*, 352 F.3d at 1350 ("Defendants only possessed an awareness of [the attacker's] propensity for being a problematic inmate; to find Defendants sufficiently culpable

would unduly reduce awareness to a more objective standard, rather than the required subjective standard set by the Supreme Court. Such a generalized awareness of risk in these circumstances does not satisfy the subjective awareness requirement.").

At most, Plaintiff's allegations suggest that Officer "Doe" was negligent for allowing the inmates into the dormitory. But negligence is not enough to satisfy the Eighth Amendment's failure to protect deliberate indifference standard. *Brown*, 894 F.2d at 1537 (holding that "merely negligent failure to protect an inmate from attack does not justify liability under section 1983.").

Plaintiff's allegations "stop[] short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (cleaned up). For this reason, Plaintiff's failure to protect deliberate indifference claim against Officer "Doe" should be dismissed for failure to state a claim upon which relief can be granted.[5]

---

[5] The Court previously notified Plaintiff of the legal standard for stating a plausible failure to protect claim and provided him an opportunity to allege sufficient facts to state a plausible claim under that standard. (Doc. 13 at 3-5).

9

**B.**     **Plaintiff's fourth amended complaint fails to state an Eighth Amendment medical deliberate indifference claim against Officer "Doe" or Nurse Shell.**

Plaintiff asserts Eighth Amendment medical deliberate indifference claims against both Defendants.  Those claims arise from the medical treatment Plaintiff alleges he received (or did not receive) for his stab wounds.  (Doc. 16 at 8-9).  To establish a medical deliberate indifference claim, a plaintiff must plausibly allege: (1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury. *Roy v. Ivy*, 53 F.4th 1338, 1346-47 (11th Cir. 2022).

With respect to the first element, a plaintiff must plausibly allege that he had an objectively serious medical need that, if left unattended, posed a substantial risk of serious harm.  *Gilmore v. Hodges*, 738 F.3d 266, 274 (11th Cir. 2013) (citation omitted).  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (cleaned up).  "In general, serious medical needs require immediate medical attention." *Id.* (cleaned up).

Second, a plaintiff must plausibly allege that (1) the defendant subjectively knew that the plaintiff faced a risk of serious harm; (2) the defendant disregarded that risk; and (3) the defendant's conduct was more than negligent.  *Id*. (cleaned up).

10

"[K]nowledge of the need for medical care and intentional refusal to provide that care has consistently been held to surpass negligence and constitute deliberate indifference." *Id.* (cleaned up).

### 1.     Officer "Doe"

Plaintiff alleges he asked Officer "Doe" for medical attention for the stab wounds but the officer "refused" to provide immediate medical treatment. (Doc. 16 at 5, 9). Plaintiff does not offer any factual detail about his wounds, for example, the number, location, and extent of the wounds. Without those facts, it is difficult to conclude that he has alleged a plausible serious medical need, meaning, "one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Further, the fact that the nurse who eventually examined him determined that the wounds required only cleaning suggests that the stab wounds were not serious. *See, e.g.*, *Oliver v. Morris,* No. 6:06-cv-286, 2007 WL 869562, at *2 (E.D. Tex. Mar. 20, 2007) (holding that stabbing which resulted in "superficial pinpoint wound for which no treatment other than cleaning was needed" was not a serious medical need), *aff'd* 266 F. App'x 353 (5th Cir. 2008).

Even assuming that stab wounds *per se* satisfy the "serious medical need" element, Plaintiff has not alleged facts that plausibly satisfy the subjective component of a deliberate indifference claim. Deliberate indifference occurs only

when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. And where, as here, the deliberate indifference claim is based upon a delay in treatment, the plaintiff must plausibly allege that the delay was medically unjustified and it seriously exacerbated the medical problem. *Taylor v. Adams*, 221 F.3d 1254, 1259-60 (11th Cir. 2000); *see also Irizarry v. Sec'y, Fla. Dept. of Corr.*, No. 21-10591-A, 2021 WL 3231163, at *2 (11th Cir. July 22, 2021) (holding that a minimal delay in treatment does not meet the standard for deliberate indifference).

The Court previously notified Plaintiff that in order to state a plausible constitutional claim based upon the alleged delay in being seen by a medical professional, Plaintiff must allege that the delay seriously exacerbated his condition, and that the delay was due to more than mere negligence. (Doc. 13 at 8). Nonetheless, Plaintiff's factual allegations still do not suggest that Officer "Doe" actually perceived that his failure to facilitate immediate medical attention for

Plaintiff's wounds placed Plaintiff at substantial risk of serious harm. Nor has Plaintiff plausibly alleged that the delay in receiving treatment seriously exacerbated his medical issue. For this reason, Plaintiff's medical deliberate indifference claim against Officer "Doe" should be dismissed for failure to state a claim upon which relief may be granted.

### 2.    Nurse Shell

That leaves Plaintiff's medical deliberate indifference claim against Nurse Shell, which is also due to be dismissed for failure to state a claim. Plaintiff states that Nurse Shell cleaned his wounds, but he claims that she should have done more "to stunt the chance for further infection," for example, by referring Plaintiff to "a higher trained person" such as a doctor. (Doc. 16 at 5).

A prisoner alleging medical deliberate indifference "has a steep hill to climb." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020). Medical treatment violates the Eighth Amendment only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* (cleaned up). The Eighth Amendment does not require medical care to be "perfect, the best obtainable, or even very good." *Id.* (cleaned up). Additionally, "mere negligence or a mistake in judgment does not rise to the level of deliberate indifference." *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1308

13

(11th Cir. 2009). And "a simple difference in medical opinion between the prisoner's medical staff and the inmate as to the latter's diagnosis or course of treatment" does not support a claim of deliberate indifference. *Keohane*, 952 F.3d at 1266.

Here, Plaintiff has not alleged that Nurse Shell denied him medical treatment. Rather, he contends that the care she provided was insufficient. At most, Plaintiff has plausibly alleged that Nurse Shell acted negligently. There is insufficient information in the fourth amended complaint to plausibly allege that the care Plaintiff received from Nurse Shell was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Keohane*, 952 F.3d at 1266. Accordingly, Plaintiff's Eighth Amendment medical deliberate indifference claim against Nurse Shell should be dismissed for failure to state a claim upon which relief can be granted.

## IV.   Conclusion

Plaintiff's fourth amended complaint fails to state a plausible Eighth Amendment claim against Defendants. This is so despite the Court previously notifying Plaintiff of the relevant legal standards and providing him multiple opportunities to amend his complaint to state a plausible claim for relief. Thus,

14

Plaintiff's fourth amended complaint should be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Accordingly, it is respectfully **RECOMMENDED** that:

1.    Plaintiff's claims against Defendants be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2.    The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 9th day of August 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

15